HUTCHINSON *v.* STATE OF INDIANA.

[No. 30,129.   Filed September 23, 1963.   Rehearing denied
February 18, 1964.]

*John G. Bunner,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment of the Vanderburgh Circuit Court convicting the appellant of the crime of robbery while armed with a dangerous or deadly weapon. The prosecution was instituted by the State of Indiana against appellant and one Ezra Franklin Smith by affidavit in two counts filed against them

in the Vanderburgh Circuit Court. Count one of the affidavit charged armed robbery, and count two automobile banditry.

Thereafter, a motion to quash the affidavit was filed and overruled. On February 9, 1961, appellant waived arraignment and entered a plea of not guilty to both counts of the affidavit and requested a trial by jury.

Thereafter, appellee filed an amended affidavit to each count, to which amended affidavit appellant and his co-defendant Smith filed their motion to quash each count. The motion was overruled and appellant again waived arraignment, entered his plea of not guilty to each count and requested a trial by jury.

On March 15, 1961, appellant filed his notice of intention to prove alibi, to which appellee filed its answer. On the second day of May, 1961, appellee moved to amend counts one and two of the amended affidavit by interlineation to correct the date of the affidavit from February 13, 1961 to January 13, 1961. The motion was granted on May 4, 1961. Thereupon, appellant refiled his notice of intention to prove alibi and appellee refiled its answer to the notice of alibi, at which time the cause was dismissed as to Ezra Franklin Smith, and appellee elected to proceed on count one of the amended affidavit against appellant.

May 8, 1961, trial was commenced before a jury; on May 11, 1961, the jury returned a verdict of guilty as charged in count one of the second amended complaint, and on motion of appellant sentence was deferred until May 18, 1961.

On May 16, 1961, physical and mental examinations of appellant were ordered by the court and written reports requested to be filed on May 18, 1961. On May 22, 1961, a written report was filed, the doctor stating

therein that in his opinion appellant was not aware of his external environment and did not have sufficient comprehension to be aware of his sentencing by the court. On June 5, 1961, sentence was pronounced upon appellant; appellant then filed his motion for a new trial, such motion was overruled and appellee dismissed count two of the amended affidavit. On June 5, 1961, a letter of re-examination was filed with the court stating appellant was in good mental contact. On the 8th day of June, 1961, appellant filed his second motion for a new trial and on the 19th day of June, 1961, said motion was overruled.

The verdict of the jury, in pertinent part, reads as follows:

"We, the jury, find the defendant guilty of Robbery While Armed with a dangerous or deadly weapon, as charged in Count 1 of the second amended affidavit herein, and that he is 45 years of age."

Judgment was pronounced on the verdict of the jury to the effect that appellant be imprisoned in the Indiana State Prison for a period of ten (10) years, that he be disfranchised and rendered incapable of holding any office of trust or profit for a term of years and that he pay the costs and charges of this action.

Appellant's motion for a new trial, filed and overruled on June 5, 1961, reads, in pertinent part, as follows:

"1. Error of law occurring at the trial in the Court overruling the defendant's Motion for Directed Verdict at the conclusion of the States evidence in chief.

"2. That the verdict of jury is contrary to law.

"3. That the verdict of jury is not sustained by sufficient evidence."

On the 8th day of June, 1961, appellant filed a second motion for new trial, such motion being overruled on June 19, 1961, which motion in pertinent part, reads as follows:

"1. The Verdict of the Jury is contrary to law.

"2. The finding of the Jury is not sustained by sufficient evidence. . . . "

Thereafter, this appeal was perfected. Appellant's Assignment of Errors is the single specification, as follows:

"1. The Court erred in overruling appellant's motions for a new trial."

The record evidence most favorable to the appellee may be summarized as follows:

On January 13, 1961, at approximately 6:00 to 6:30 p. m. one Sam Day, 56 years of age, was the owner and operator of a grocery located at 932 West Columbia Street in the City of Evansville, Vanderburgh County, Indiana. That during the period of time above stated, an individual, afterwards identified as appellant came into his place of business, purchased a pack of cigarettes from Mr. Day, handed him a dollar bill and as Day handed him his change from the cash register pulled a gun on him and said "this is a hold-up, I want your money." Day ran towards the back of the store, appellant reached into the cash register, got some money and ran down an adjacent alley. About that time Day ran back to the counter where the cash register was, grabbed his gun, ran out of the store and shot at the running robber who turned a corner of the alley and disappeared. The incident was reported to the police who conducted an investigation and later arrested appellant and the said Ezra Franklin Smith and

took them to the police station. Day and one of his clerks later identified appellant as the individual who drew the gun on Day and escaped with the money taken from the cash register. The amount alleged to have been taken amounted to $40.00. There were several people in the store at the time of the alleged robbery, Day, two clerks, a lady customer and a small colored boy who was eating· a cake and drinking a coke. Only Day and one of the clerks testified as to the happenings in the store. Appellant and Smith were arrested at Smith's home where a cap and a revolver were found by the police and were identified as the cap worn and revolver used by the appellant.

The defendant testified in his own behalf, denying the charge and produced evidence of alibi by his own testimony and that of Smith's wife and her sister-in-law, Betty Alexander, that he was in their presence in Smith's home at the time the robbery was alleged to have taken place.

Appellant urges that there is no evidence in the record to support the allegations of the second amended affidavit as to the ownership of the money alleged to have been taken in the robbery. He cites ample authority on that question where there is doubt that must be resolved. In the case at bar we are of the opinion the evidence in the record by the testimony of Day is sufficient to establish possession. Day testified: "I own a grocery located at 932 West Columbia and it is a sole proprietorship that I own." "All of this time the defendant Clarence Hutchinson was standing over by the cash register. I left the register open." The testimony of the clerk or stock boy, William Douglas Stevens was: "I work in the grocery store. I was working in the grocery store on January 13, 1961, at approximately 6:00 to 6:30 that night

and I saw a man come into the store at approximately 6:15 that night. . . . After I saw that he handed Mr. Day a dollar. . . . I seen him lay some money down there, and Mr. Day opened the cash register after handing him the cigarettes. Mr. Day opened the cash register and then he pulled out a gun. When I say he pulled out a gun, that was the man I was observing, he pulled out a gun. . . . Then Mr. Day jumped down behind the counter and went around the opposite way. The man changed hands, with the gun and reached over the cash register. When I say changed hands I mean he took the gun out of his right hand and put it in his left hand and he dropped his left hand off his nose and then he reached over the counter and got the money out of the cash register." This is easily sufficient to sustain the ownership or possession of the money in Day.

Of more serious import is the question of the identification of appellant in the face of an open conflict in the evidence in regard to appellant's alibi. Were we on appeal to weigh the evidence we might well reach a different conclusion than the one reached by the verdict of the jury.

This court has consistently held that on appeal we will not weigh the evidence. 2 I. L. E., Appeals, ch. 17, §571, pp. 481, 482; 5B C. J. S., Appeals & Error, §1818, p. 156 eq; F. W. & H. Ind. Tr. & App. Pract., §2786, p. 366.

The judgment is affirmed.

Myers, C. J., Achor, Arterburn and Landis, JJ., concur.

NOTE.—Reported in 192 N. E. 2d 456.